UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN
CARPENTERS COUNCIL PENSION
FUND, et al.,

      Plaintiffs,

                                      File No.  4:00-CV-74

v.

                                      HON. ROBERT HOLMES BELL

LINDA BREITHAUPT, Individually,
d/b/a MYHRE SPECIALTIES,

      Defendant.
                                          /

## **MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiffs' motion to hold Defendant Linda Breithaupt in contempt of court for failing to comply with the September 14, 2000, Consent Judgment and the June 27, 2002, Show Cause Order.  Defendant has not responded to the motion.

      The September 14, 2000, Consent Judgement required Defendant to remit all fringe benefit contributions which become due and owing to the Michigan Carpenters Fringe Benefit Funds in a timely manner.  (Docket # 10).  In the June 27, 2002, Show Cause order this Court noted that Defendant had failed to comply with multiple court orders and ordered Defendant to "comply with all such Orders or face severe consequences in the form of a Contempt Citation or other sanction by the Court."  (Docket # 17).

Plaintiffs allege that Defendant has failed to make timely payment of fringe benefit contributions for all or nearly all of 2006 and 2007 and has refused to provide payroll records needed for an updated audit.

"A decision on a contempt petition is within the sound discretion of the trial court." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Service Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Id.* at 378-79 (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In *Gary Electric* the district court held an employer in contempt for failing to comply with the court's judgment enforcing an arbitration award requiring the employer to make past-due payments and to file and pay contributions as they became due. In that case, the Funds filed contempt proceedings while an appeal was pending and again in December 2000 because of the employer's failure to make any payments after entry of the judgment in May 1999. *Id.* at 376-77.

Here, in contrast to *Cincinnati Bronze*, more than six years have elapsed since entry of judgment. Moreover, the lack of evidence to the contrary suggests that Defendant complied with her payment and disclosure obligations during at least a portion of that time. In view of the length of time that has elapsed since entry of judgment and in view of Defendant's apparent compliance with her obligations under the judgment subsequent to the Court's warning in 2002, the Court is convinced that the current allegations that Defendant

is again failing to comply with her payment and disclosure obligations should be addressed in a new case filing rather than by contempt. The Court, in an exercise of its discretion, declines to conduct a contempt proceeding. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for contempt finding (Docket # 21) is **DENIED**.


Date:     March 29, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE